IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARISSA NAMMACK                :
                              :
    v.                        : Civil Action No. DKC 19-1798
                              :
HAMPSTEAD PRE-OWNED, et al.   :
                              :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment case are the partial motions to dismiss filed by Defendants Pro Am Autos LLC t/a Hampstead Pre-Owned ("Defendant Pro Am Autos") and Hampstead Pre-Owned ("Defendant Hampstead Pre-Owned), (ECF No. 10), and by Anthony Birdsong ("Defendant Birdsong") (ECF No. 11). The issues have been briefed, and the court now rules, no hearing being deemed necessary. Local Rule 105.6. For the following reasons, the partial motion to dismiss filed by Defendant Pro Am Autos and Defendant Hampstead Pre-Owned will be denied in part and granted in part and the partial motion to dismiss filed by Defendant Birdsong will be granted.

**I. Background[1]**

Pro Am Autos t/a Hampstead Pre-Owned is a car dealership. Defendant Birdsong is its managing owner. Arissa Nammack

---

[1] Unless otherwise noted, the facts outlined here are undisputed and construed in the light most favorable to Plaintiff.

("Plaintiff") first visited the dealership to purchase a car. Defendant Birdsong "helped [Plaintiff] through the car buying process[.]" (ECF No. 1, ¶ 10). Soon after meeting Plaintiff, Defendant Birdsong offered Plaintiff a job and Plaintiff began working at the dealership on June 12, 2017.

During Plaintiff's employment, Defendant Birdsong sought a relationship with Plaintiff. "He said he wanted a girlfriend for himself and a best friend for his wife." (ECF No. 1, ¶ 4). Defendant Birdsong showed Plaintiff pictures of himself shirtless and pictures of his wife kissing another woman. He "offered to pay for [Plaintiff's] schooling, pay expenses for them to travel together, allow her to miss work as she pleased, and pay for other material wants and needs." (*Id.*, ¶ 16).

Defendant Birdsong and his wife took Plaintiff to dinner and "discussed engaging in a three-person sexual relationship[.]" (ECF No. 1, ¶ 19). After dinner, Defendant Birdsong brought Plaintiff to his home and asked her "to cuddle with [him] and his wife." (*Id.*, ¶ 20). Plaintiff refused, fell asleep, and awoke to Defendant Birdsong "inappropriately touching her[.]" (*Id.*, ¶ 21). On another occasion at the Birdsong home, Defendant Birdsong "touched [Plaintiff] inappropriately and without consent." (*Id.*, ¶ 22). "When [Plaintiff] showed her disapproval, [Defendant] Birdsong

attacked her, pushed her into a corner[,] and tried to choke her." (*Id.*).

"On more than one occasion, [Defendant] Birdsong was physically violent toward [P]laintiff[]" at work. (ECF No. 1, ¶ 23). Defendant Birdsong "grabbed [Plaintiff's] neck while she was sitting at her desk[,]" "grabbed [P]laintiff's breast[,]" and "grabbed [P]laintiff, picked her up[,] and refused to let her go." (*Id.*, ¶¶ 23-25). Defendant Birdsong "made a number of inappropriate, sexual comments around [P]laintiff and other employees." (*Id.*, ¶ 27). He informed Plaintiff that another female employee engaged in a sexual relationship with him and his wife, and "received special treatment in her employment. . . and expensive gifts[.]" (*Id.*, ¶ 29). When Plaintiff refused to pursue a relationship with Defendant Birdsong, she was terminated.

On December 16, 2017, Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") and the Maryland Commission on Civil Rights, stating that she had been discriminated against based on sex and retaliation. (ECF No. 1-2, at 3-5). On March 20, 2019, the EEOC issued Plaintiff a Notice of Right to Sue. (*Id.*, at 1-2).

On June 19, 2019, Plaintiff filed her complaint. Plaintiff raises nine claims: (1) Count I – *quid pro quo* under Title VII

3

of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*; (2) Count II – hostile work environment under Title VII; (3) Count III – retaliation under Title VII; (4) Count IV – abusive discharge; (5) Count V – battery; (6) Count VI – assault; (7) Count VII – intentional infliction of emotional distress; (8) Count VIII – negligent retention and supervision; and, (9) Count IX – punitive damages. (ECF No. 1, ¶¶ 35-90). Plaintiff asserts all nine claims against Defendants Pro Am Autos and Hampstead Pre-Owned. Plaintiff asserts only Count V (battery), Count VI (assault), Count VII (intentional infliction of emotional distress), and Count IX (punitive damages) against Defendant Birdsong.

On August 20, 2019, Defendants filed their presently pending partial motions to dismiss. Defendant Pro Am Autos did not move to dismiss Counts I, II, or III (the Title VII counts) against it, but did move to dismiss Counts IV, V, VI, VII, VIII, and IX for failure to state a claim. (ECF No. 10). Defendant Pro Am Autos also moved to dismiss all counts against Defendant Hampstead Pre-Owned because Hampstead Pre-Owned is a trade name. (*Id.*). Defendant Birdsong did not move to dismiss Count V (battery), but did move to dismiss Counts VI, VII, and IX for failure to state a claim. (ECF No. 11).

On October 9, 2019, Plaintiff, proceeding *pro se*, sought and received an extension of time to respond to the motions.

4

(ECF Nos. 15; 17). On November 11, 2019, Plaintiff requested appointment of counsel. (ECF No. 18). The court denied Plaintiff's request and provided her until December 23, 2019 to respond to the motions to dismiss. (ECF No. 19). Plaintiff did not respond.

## II. Defendant Hampstead Pre-Owned

Defendants Pro Am Autos and Hampstead Pre-Owned move to dismiss all counts against Defendant Hampstead Pre-Owned, explaining that "Hampstead Pre-Owned is a registered trade name of Defendant Pro A[m] Autos[.]" (*Id.*, at 2). They attach to their motion to dismiss the results of a business entity search and a trade name application to demonstrate that Hampstead Pre-Owned is a trade name. (ECF No. 10-1).

Defendants Pro Am Autos and Hampstead Pre-Owned argue that "a trade name has no independent legal status," (ECF No. 10-2, at 2), and cannot be independently sued, (*Id.*, at 4). They are correct. "[A] trade name. . . is not a separate legal entity capable of being sued." *Snowden v. CheckPoint Check Cashing*, 290 F.3d 631, 634 n.2 (4th Cir. 2002); *see also Siraj v. Hermitage in N. Va*, 51 Fed.App'x 102, 104 n.1 (4th Cir. 2002); *DHW Purchasing Grp., LLC v. Hub Int'l Midwest Ltd.*, No. 19-1243-CMC, 2019 WL 5586873, at *6 (D.S.C. Oct. 30, 2019). Defendant Hampstead Pre-Owned will be dismissed.

## III. Failure to State a Claim

### A. Standard of Review

A motion to dismiss under Fed.R.Civ.P. 12(b)(6) tests the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Legal conclusions couched as factual allegations are insufficient, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), as are conclusory factual allegations devoid of any reference to actual events. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed.R.Civ.P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

**B. Analysis**

**1. Count IV: Abusive Discharge/Wrongful Termination**

Plaintiff asserts Count IV against Defendant Pro Am Autos and alleges that her discharge "violated a clear mandate of public policy to preserve the right to one's bodily integrity because the sexual harassment to which she was subjected amounted to assault and battery." (ECF No. 1, ¶ 55). She also alleges that her discharge "violated a clear mandate of public policy because [she] was discharged for failure to engage in wrongful acts[.]" (*Id.*, ¶ 56). Defendant Pro Am Autos contends that Count IV "fails because (1) it cannot be based on Title VII sexual harassment claims, and (2) Plaintiff otherwise failed to plead a clear mandate of public policy." (ECF No. 10-2, at 5). Defendant Pro Am Autos discusses two cases, *Chappell v. S. Md. Hosp., Inc.*, 320 Md. 483 (1990) and *Makovi v. Sherwin-Williams Co.*, 316 Md. 603 (1989), to support its argument. (ECF No. 10-2, at 5–7).

Contrary to Defendant Pro Am Autos's argument, Title VII does not preclude Plaintiff's abusive discharge claim. Critically, Plaintiff alleges that Defendant Pro Am Autos discharged her after she complained of Defendant Birdsong's assault and battery. "[C]ompletely independent of any statutory sexual harassment regulations, public policy prohibits an employer from terminating the employment of an employee in

7

retaliation for the employee's assertion of his or her rights as the victim of an assault and battery." *Ruffin Hotel Corp. of Md., Inc. v. Gasper*, 418 Md. 594, 615–16 (2011). *Gasper* stated this proposition while discussing an earlier case, *Watson v. Peoples Sec. Life Ins. Co.*, 485-86 (1991). In *Watson*, the Court of Appeals of Maryland distinguished both *Chappell* and *Makovi*, and explained:

> But the fact that the assault and battery in the instant case arise out of sexual harassment in the workplace does not end the inquiry. Long antedating Title VII and the [Maryland Fair Employment Practices Act (the "Act")], public policy, as manifested in civil and criminal law, provided sanctions against attempted and consummated harmful and offensive touching of the person, whether or not sexually motivated. Had Title VII or the Act never been enacted, a clear mandate of public policy still supported [the plaintiff's] recourse to legal redress against [the employer's manager] under the circumstances here. Where right and remedy are part of the same statute which is the sole source of the public policy opposing the discharge, *Makovi* and *Chappell* dictate the result that the tort of abusive discharge, by its nature, does not lie. In the instant matter, there are multiple sources of public policy, some within and some without Title VII and the Act. By including prior public policy against sexual assaults, the anti-discrimination statutes reinforce that policy; they do not supersede it.

322 Md. at 485-86 (1991). Count IV will not be dismissed.

8

### 2. Count V: Battery

Defendant Pro Am Autos argues that Plaintiff's battery claim should be dismissed against it because it is not vicariously liable for its employees' actions. (ECF No. 10-2, at 7-8). Defendant Birdsong does not move for dismissal of Plaintiff's battery claim. (ECF No. 11-1, at 1). Plaintiff alleges that Defendant Birdsong's acts were within the scope of his employment because they occurred "inside [D]efendants' place of business and in furtherance of [D]efendants' interests." (ECF No. 1, ¶ 61). Plaintiff alleges that Defendant Pro Am Autos "ratified this unwelcome behavior by [its] managing owner because [it was] aware of the behavior but took no action to stop it." (*Id.*, ¶ 62). Finally, Plaintiff alleges that Defendant Birdsong acted "as the alter-ego" of Defendant Pro Am Autos. (*Id.*, ¶ 63).

Defendant Pro Am Autos cites two cases, *Green v. Wills Grp., Inc.*, 161 F.Supp.2d 618 (D.Md. 2001) and *Davidson-Nadwodny v. Wal-Mart Assocs., Inc.*, No.07-2595-CCB, 2010 WL 1328572 (D.Md. Mar. 26, 2010), to argue that "an employer is not vicariously liable for the torts of assault and battery based on sexual assaults by [an] employee[.]" (ECF No. 10-2, at 7 (quotation marks omitted)). *Green* and *Davidson-Nadwodny* are distinguishable, however, because here Plaintiff alleges that Defendant Birdsong, the employee, is also the managing owner of

9

Defendant Pro Am Autos, the employer. Defendant Pro Am Autos does not address this nuance in its motion to dismiss. Moreover, Defendant Pro Am Autos contends only that the conduct underlying Plaintiff's assault and battery claims is outside the scope of Defendant Birdsong's employment. Defendant Pro Am Autos does not address Plaintiff's alter ego and ratification theories of vicarious liability. Although Maryland may not recognize "the 'alter ego' rationale as a fourth theory of liability for the intentional torts of an employee," ratification is a recognized theory of vicarious liability and Count V will not be dismissed at present. *Surran v. Kuntz*, No. 06-1380-BEL, 2008 WL 11363275 (D.Md. June 3, 2008).

### 3. Count VI: Assault

Defendants Birdsong and Pro Am Autos argue that Plaintiff's assault claim is untimely because the "alleged assault occurred on or before December 16, 2017, which is more than a year prior to the filing of the complaint on June 19, 2019."[2] (ECF No. 10-2, at 8; ECF No. 11-1, at 7). The statute of limitations is an affirmative defense that must be raised by a defendant, who also bears the burden of establishing the defense. Fed.R.Civ.P.

---

[2] Defendant Pro Am Autos also contends that it is not vicariously liable for the assault claim. (ECF No. 10-2, at 7–8). As discussed *supra* in Section III.B.2, the analysis is not so simple.

10

8(c); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).

Maryland law defines assault as an "'attempt to cause a harmful or offensive contact with another or to cause an apprehension of such contact.'" *Miles v. DaVita Rx, LLC*, 962 F.Supp.2d 825, 834 (D.Md. 2013) (citing *Wallace v. Poulos*, 861 F.Supp.2d 587, 596 n.9 (D.Md. 2012). The statute of limitations for a civil action for assault is one year. Md. Code Ann., Cts. & Jud. Proc. § 5-105; *see also Attorney Grievance Comm'n of Md. v. Mitchell*, 445 Md. 241, 249 (2015) (acknowledging "the one-year statute of limitations for assault claims").

Defendants Birdsong and Pro Am Autos contend that "[a]ll of the allegations in Plaintiff's [c]omplaint occurred during the scope of Plaintiff's employment, which ended in 2017." (ECF No. 10-2, at 8; ECF No. 11-1, at 7). Defendants also highlight Plaintiff's charge of discrimination, filed with the EEOC and attached to her complaint (ECF No. 1-2), to support their contention. (ECF No. 10-2, at 8; ECF No. 11-1, at 7). As Defendants note, Plaintiff filed the charge of discrimination on December 16, 2017 and explained in the charge that Defendant Birdsong terminated her. (ECF No. 1-2). Plaintiff's complaint does not contain any allegations that postdate her employment. Accordingly, Plaintiff's claim for assault is untimely and Count VI will be dismissed.

### 4. Count VII: Intentional Infliction of Emotional Distress

Defendants Birdsong and Pro Am Autos contend that Plaintiff fails to state a claim for intentional infliction of emotional distress. (ECF No. 10-2, at 9–12; ECF No. 11, at 3–7).

To state a claim for intentional infliction of emotional distress, a plaintiff must allege facts showing that: (1) the conduct was intentional or reckless; (2) the conduct was extreme and outrageous; (3) there is a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress is severe. *Harris v. Jones*, 281 Md. 560, 566 (1977) (recognizing the tort). In Maryland, "[t]he tort of intentional infliction of emotional distress is rarely viable." *Farasat v. Paulikas*, 32 F.Supp.2d 244, 247 (D.Md. 1997). Indeed, Maryland has "made it clear that liability for the tort of intentional infliction of emotional distress should be imposed sparingly, and 'its balm reserved for those wounds that are truly severe and incapable of healing themselves.'" *Caldor, Inc. v. Bowden*, 330 Md. 632, 642 (1993) (citation omitted). "Particularly in an employment situation, a plaintiff faces insuperable hurdles in attempting to plead a proper claim of intentional infliction of emotional distress." *Farasat*, 32 F.Supp.2d at 247.

Defendants Birdsong and Pro Am Autos contend that Plaintiff's complaint fails to allege the second and fourth elements. (ECF No. 10-2, at 9-12; ECF No. 11, at 3-7). The court need not address the second element because Plaintiff fails to allege any facts showing that her emotional distress was severe.

"Severe distress is that which 'no reasonable man could be expected to endure.'" *Takacs v. Fiore*, 473 F.Supp.2d 647, 652 (D.Md. 2007) (citing *Harris*, 280 Md. at 571). A plaintiff meets this threshold when her "'emotional distress is so severe as to have disrupted her ability to function on a daily basis.'" *Id.* (citing *Bryant v. Better Bus. Bureau of Greater Md.*, 923 F.Supp. 720, 750 (D.Md. 1996). Plaintiff generally alleges that "Defendants' misconduct caused [her] extreme emotional distress, financial loss, and damage to her reputation." (ECF No. 1, ¶ 3). To support her intentional infliction of emotional distress claim, Plaintiff alleges that she "suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress." (*Id.*, ¶ 79). She repeats this allegation throughout her complaint. (*Id.*, ¶¶ 41, 47, 52, 57, 64, 72, 85, 90). Plaintiff fails to allege any facts suggesting she suffered a severely disabling emotional response to Defendant Birdsong's conduct and does not allege

that Defendant Birdsong's conduct impaired her daily functioning. Count VII will be dismissed.

### 5. Count VIII: Negligent Retention and Supervision

Plaintiff asserts Count VIII against Defendant Pro Am Autos and alleges that Defendant Pro Am Autos negligently retained and supervised Defendant Birdsong. (ECF No. 1, ¶¶ 80–85). She alleges that Defendant Pro Am Autos was "aware or should have been aware by the exercise of diligence and reasonable care that [Defendant Birdsong] was capable of inflicting, and indeed was inflicting, sexual harassment, battery, assault, and intentional infliction of emotional distress on [P]laintiff." (*Id.*, ¶ 84). Defendant Pro Am Autos contends that Plaintiff's claim "fails because it is predicated entirely on Plaintiff's sexual harassment claims[]" and "'Title VII may not form the predicate for claims of negligent retention and supervision.'" (ECF No. 10-2, at 12 (quoting *Hart v. Harbor Court Assocs.*, 46 F.Supp.2d 441, 444 (D.Md. 1999)).

Under Maryland law, negligent retention and supervision claims must be based on actions that constitute a common law violation, not a federal statutory violation. *Bryant*, 923 F.Supp. at 751. Defendant Pro Am Autos is correct, therefore, that "Title VII may not form the predicate" for Plaintiff's negligent retention and supervision claim. *Hart*, 46 F.Supp. at 444. However, Plaintiff also alleges assault, battery, and

14

intentional infliction of emotional distress as predicates for her negligent retention and supervision claim. (ECF No. 1, ¶ 84). Defendant Birdsong did not move to dismiss the battery claim against him. Therefore, Plaintiff's negligent retention and supervision claim "can be pursued under a theory that the employer was negligent in its actions, thus allowing the battery to occur." *Bryant*, 923 F.Supp. at 751. Count VIII will not be dismissed.

### 6. Count IX: Punitive Damages

Defendants Birdsong and Pro Am Autos correctly argue "that a cause of action does not exist for punitive damages alone." (ECF No. 10-2, at 12; ECF No. 11-1, at 7-8). "There is no separate cause of action for punitive damages apart from an underlying cause of action upon which punitive damages can be grounded." *Biggs v. Eaglewood Mortg., LLC*, 582 F.Supp.2d 707, 711 n.5 (D.Md. 2008). "This is true both as a matter of federal law and state law." *Id.* (internal citations omitted). Instead, punitive damages is a remedy. If Plaintiff "later establish[es] evidence sufficient to warrant punitive damages, [she] may seek such damages in [her] prayer for relief." *Darren Trucking Co. v. Paccar Fin. Corp.*, No. 18-3936-GJH, 2019 WL 3945103, at *3 (D.Md. Aug. 20, 2019); *see also Jarvis v. Enter. Fleet Servs. & Leasing Co.*, No. 07-3385-DKC, 2009 WL 10685552, at *6 (D.Md. Feb. 12, 2009) ("Punitive damages and injunctive relief are not

independent causes of action, but remedies sought for the alleged wrongs committed by the defendant."). Count IX will be dismissed.

**IV. Conclusion**

For the foregoing reasons, the partial motion to dismiss filed by Defendant Pro Am Autos and Defendant Hampstead Pre-Owned, (ECF No. 10), will be denied in part and granted in part and the partial motion to dismiss filed by Defendant Birdsong, (ECF No. 11), will be granted. A separate order will follow.

/s/
DEBORAH K. CHASANOW
United States District Judge