IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARISSA NAMMACK                          :

                                        :

    v.                                  :   Civil Action No. DKC 19-1798

                                        :

HAMPSTEAD PRE-OWNED,
et al.                                  :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this employment case is an uncontested motion to dismiss filed by Defendants Pro Am Autos LLC t/a Hampstead Pre-Owned ("Pro Am Autos") and Anthony Birdsong ("Mr. Birdsong") (collectively "Defendants") pursuant to Fed.R.Civ.P. 37(b), 37(d), and 41(b).  (ECF No. 31).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, the motion to dismiss will be granted.

I.  **Background**

Plaintiff Arissa Nammack, proceeding *pro se*, filed a complaint against Defendants on June 19, 2019.  (ECF No. 1).  In her complaint, Plaintiff alleges that throughout her employment at Pro Am Autos, an automotive dealership, Mr. Birdsong, the managing owner, subjected her to sexual harassment.  Plaintiff's complaint recites multiple claims against Defendants pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*,

including hostile work environment due to Mr. Birdsong's pursuit of a sexual relationship with Plaintiff.[1]  On August 20, 2019, Defendants each filed partial motions for dismissal. (ECF Nos. 10 & 11).  On October 9, 2019, in lieu of a response, Plaintiff submitted untimely correspondence, requesting an extension of time to respond to Defendants' motions, (ECF No. 15), which was granted. (ECF No. 17).  On March 3, 2020, Mr. Birdsong's partial motion to dismiss was granted, Pro Am Autos' partial motion to dismiss was granted in part and denied in part, and Hampstead Pre-Owned was dismissed as a defendant because it is not an independent legal entity, but rather, is only a registered trade name for Pro Am Autos. (ECF No. 21).  On August 4, 2020, Defendants answered and Pro Am Autos filed a counterclaim against Plaintiff for conversion. (ECF No. 22).

On September 2, 2020, the court issued a scheduling order directing the parties to provide initial disclosures on or before September 16, 2020 and to ensure completion of discovery by January 15, 2021. (ECF No. 25, at 1).  On December 3, 2020, Defendants filed a motion to compel Production of Documents, Response to Interrogatories, and Rule 26(a)(1) Initial Disclosures because despite "receiv[ing] confirmation from Federal Express that

---

[1] A more detailed recitation of the factual and procedural background of this case can be found in the court's prior memorandum opinion resolving Defendants' partial motions to dismiss. (*See* ECF No. 20).

Plaintiff received Defendants Request for Production of Documents and First Set of Interrogatories on October 17, 2020," and twice requesting via email that Plaintiff respond, Plaintiff failed to respond. (*See generally* ECF Nos. 28-1 through 28-3).  On December 28, 2020, this court granted Defendants' motion to compel, ordered Plaintiff to respond to Defendants' requests, and extended the original deadline for initial disclosures until January 15, 2021 and for completion of discovery until February 16, 2021. (ECF No. 29).  The court further warned Plaintiff that a "failure to participate in discovery can result in dismissal." (*Id.*, at 3). Plaintiff eventually responded to Defendants' interrogatories on January 14, 2021, (*see* ECF No. 31-1, at 6), however, she never responded to their requests for production of documents or provided initial disclosures.  Defendants characterize her emailed interrogatory answers as "bareboned." (ECF No. 33, at 2).  On January 21, 2021, Defendants filed the presently pending motion to dismiss for failure to prosecute and failure to obey discovery orders pursuant to Fed.R.Civ.P. 37(b), 37(d), and 41(b). (ECF No. 31).  Plaintiff has not responded.

## I.   Standard of Review

Rule 37(b)(2) permits a district court broad discretion to impose certain punitive measures, up to and including dismissal, on any party who disobeys a discovery order.  Fed.R.Civ.P. 37(b)(2)(A); *see Camper v. Home Quality Mgmt. Inc.*, 200 F.R.D.

516, 518 (D.Md. 2000) ("Federal district courts possess great discretion to sanction parties for failure to obey discovery orders."). "While the imposition of sanctions under Rule 37(b) lies within the trial court's discretion, it is not a discretion without bounds or limits." *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995) (quotation marks and brackets omitted). With the sanction of dismissal, "the 'range of discretion is more narrow' than when a court imposes less severe sanctions." *Id.* (quoting *Wilson v. Volkswagen of Am.*, 561 F.2d 494, 503 (4th Cir. 1977)). This is because dismissal of a party's case for failure to comply with a court order or a discovery request "is a severe sanction which must be exercised with restraint, caution and discretion." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764 (1980). To warrant dismissal, the offending party's conduct in the litigation must demonstrate a "pattern of indifference and disrespect to the authority of the court." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 93 (4th Cir. 1992).

Similarly, Rule 37(d) allows the court to impose certain sanctions on a party who fails to respond to interrogatories; fails to respond to a request for inspection; or fails to appear for a properly noticed deposition. Fed.R.Civ.P. 37(d). Contrary to Rule 37(b), Rule 37(d) allows for the imposition of sanctions, including dismissal or entry of default judgment, even when the

4

noncomplying party has not violated a court order. *Charles Alan Wright, et al.*, Federal Prac. & P. § 2291 (3d ed. 2018) ("No court order is required to bring Rule 37(d) into play.  It is enough that a notice of the taking of a deposition or a set of interrogatories or a request for inspection has been properly served on the party.").

Before ordering dismissal under Rule 37(b) or (d), the Court applies the four-factor "*Wilson*" test: "(1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92 (4th Cir. 1989) (citing *Wilson*, 561 F.2d at 503–06).

Rule 41(b) likewise grants the court authority to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed.R.Civ.P. 41(b). A request for dismissal under Rule 41(b) requires analysis of four nearly identical factors: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." *Hillig v. Comm'r*, 916 F.2d 171, 174 (4th Cir. 1990). Thus, "'the [c]ourt will combine the two tests in determining if

dismissal is appropriate under Rules 37[] and 41[]' because the legal standards for dismissal under both rules are 'virtually the same.'" *Lance v. Megabus Ne., LLC*, No. PWG-16-3459, 2017 WL 3480800, at *2 (D.Md. Aug. 14, 2017) (quoting *Taylor v. Fresh Fields Market, Inc.*, No. 94-0055-C, 1996 WL 403787, at *2 (W.D. Va. June 27, 2996)).

Whether the party is aware of dismissal as a possible sanction is also an important consideration under both Rules 37 and 41. *See Lance*, 2017 WL 3480800, at *2 ("[t]he [c]ourt also considers whether the party facing dismissal or a default judgment is aware of these possible sanctions"); see *also Camper*, 200 F.R.D. at 518 (D.Md. 2000) ("the [Court of Appeals for the] Fourth Circuit has more recently emphasized the importance of warning a party prior to dismissing its claim as a discovery sanction.").

## II. Analysis

Defendants seek dismissal due to Ms. Nammack's failure to prosecute her case and her noncompliance with the discovery process, including her violation of this court's order compelling her to provide responses. Consideration of the four *Wilson* factors warrants dismissal.

With respect to the first factor, Plaintiff has acted in bad faith by repeatedly failing to comply with this court's orders. Plaintiff violated both the September 2, 2020 scheduling order and the December 28, 2020 order compelling her to provide initial

disclosures and responses to Defendants' requests for production. Plaintiff has also twice disregarded the court's directive to submit a status report by a given deadline. (*See* ECF Nos. 25 & 30). Such conduct "demonstrates a pattern of indifference and disrespect to the authority of the court[,]" which supports a finding of bad faith. *See Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 93; *see also Lance*, 2017 WL 3480800, at *3 ("noncompliance [with discovery orders] . . . supports a finding of bad faith.") (*citing Green v. John Chatillon & Sons*, 188 F.R.D. 422, 424 (M.D.N.C. 1988)). As a *pro se* litigant, Plaintiff bears sole responsibility for such non-compliance. *See Arnett v. Prince George's Cty.*, No. 02-cv-3861-AW, 2014 WL 3313218, at *2 (D.Md. July 29, 2004) ("the Plaintiff is proceeding *pro se*, and thus, is solely responsible for the delay that has been caused in his case"); *Adams v. Md. Mgmt. Co.*, No. 11-cv-2408-WDQ, 2013 WL 142074, at *3 (D.Md. January 10, 2013) ("As a *pro se* plaintiff, [the plaintiff] is responsible for her failures to comply with the Rules and court orders."); *see also Franklin v. Tri-County Council for the Lower E. Shore of Md.*, No. 15-cv-786-ELH, 2016 WL 3653966, at *3 (D.Md. July 8, 2016) (quoting *Diamond v. Bon Secours Hosp.*, No. 09-cv-865-WMN, 2010 WL 2696632, at *5 (D.Md. July 6, 2010)) ("While 'pro se litigants are entitled to some deference from courts,' this deference generally only 'relates to construing a *pro se* plaintiff's complaint,' and

not to a *pro se* plaintiff's failure to meet [c]ourt-imposed deadlines.").

The second factor for consideration is whether Defendants have been substantially prejudiced by Plaintiff's failures to comply. Defendants assert that their ability to prepare a defense has been substantially prejudiced because Plaintiff has refused to turn over discovery including all relevant documents and communications sent to third parties regarding Plaintiff's claims, which the Defendants have no way of otherwise accessing. (ECF No. 31-1, at 6). Defendants further state that they "have incurred substantial legal costs due to Plaintiff's pattern of neglect, which has necessitated the filing of several motions." (ECF No. 31-1, at 6). Defendants cannot defend against the unknown, and thus, the court agrees that Plaintiff's unresponsiveness has unfairly hindered Defendants' ability fully to prepare their defense.

The third factor, the need for deterrence, also supports dismissal. Plaintiff has not only ignored multiple requests by Defendants for production of documents and initial disclosures but has also violated two specific court orders mandating her compliance. (*See* ECF Nos. 25 & 30). Despite the court's cautioning that dismissal could result for such conduct, (ECF No. 29), Plaintiff has continued to ignore such orders, essentially halting the adversary process. "[T]o ignore such bold challenges

to the district court's power would encourage other litigants to flirt with similar misconduct." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92.  The court must deter other parties from engaging in similar misconduct.

The fourth and final factor is whether less drastic sanctions would effectively deter further non-compliance.  While the court has considered lesser sanctions, it is not confident that any lesser sanction would be effective.  Despite the passage of six months since Defendants filed their motion to dismiss, Plaintiff has neither responded to either the motion or the outstanding discovery requests nor requested an extension of time for responding.  Courts in this district have previously held that a plaintiff's failure to respond to a motion to dismiss for failure to prosecute warrants dismissal.  *See Woodbury*, 2019 WL 2135649, at *5 (finding that the plaintiff's lack of response to a motion for dismissal is demonstrative that a lesser sanction would be ineffective); *see also Thompson*, 2019 WL 5309627, at *2 ("[p]laintiff's failure to respond to either of [the defendant's] two most recent motions suggests that he has abandoned prosecution of this case"); *Lance*, 2017 WL 3480800, at *3 (finding lesser sanctions futile where plaintiff failed to remedy noncompliance with discovery orders after repeated opportunities provided by the court and defendant).  In addition, Plaintiff was explicitly warned that her that failure to respond could result in dismissal yet has

not been motivated to comply. Plaintiff's pattern of non-compliance with the discovery process demonstrates that a lesser sanction would be ineffective and warrants dismissal under Rules 37 and 41.

**III. Conclusion**

For the foregoing reasons, the motion to dismiss filed by Defendants will be granted. A separate order will follow.

_____ /s/ _____
DEBORAH K. CHASANOW
United States District Judge
